IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DONNA S. AUCOIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-0839-CV-W-DW-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Donna S. Aucoin seeks judicial review on a final decision of Defendant Commissioner of Social Security denying Plaintiff's claims for disability insurance benefits and for supplemental security income (SSI) benefits.

Since the complete facts and arguments are presented in parties' briefs, they will be discussed herein only as necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Craig v. Apfel, 212 F.3d 433, 435 (8th Cir. 2000)

The review is more than an examination of the record for the existence of substantial

evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (6th Cir. 1999). The Court also considers whatever in the record fairly detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Determinations of credibility by the ALJ are granted deference so long as they are supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). If the Court finds two inconsistent positions present in the evidence, including one matching the Commissioner's findings, the Court must

## Analysis

The ALJ must give full consideration of the evidence relating to Claimant's subjective complaints. See Polaski v. Heckler, 739 F. 2d 1320 (8th Cir. 1984). Claimant argues that the ALJ did not fulfill this duty by: (1) failing to note the observations of third parties regarding Claimant's condition; (2) failing to mention the side effects of Claimant's medication; and (3) failing to comment on Claimant's prior work history.

While specific evaluations of the credibility of third party statements is preferred, remand is not required where the ALJ instead makes an implicit finding of credibility after discussing the specifics of the testimony. Carlson v. Chater, 74 F.3d 869, 871 (8th Cir. 1996); See Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996). The third parties here all testified to witnessing Claimant's seizures. While the ALJ did not specifically evaluate the credibility of the third party

2

statements, the ALJ noted that Claimant allegedly experiences numerous seizures and that Claimant's impairments could reasonably be expected to produce those symptoms. The ALJ, however, found that these statements were undermined by the medical records in this case and granted them less credibility. Accordingly, the ALJ implicitly evaluated the credibility of the statements.

Further, the ALJ did not discredit the fact that Claimant experiences seizures but did question the credibility as to the intensity, duration and limiting effects of Claimant's seizures and the fact that her condition improved with medication. Accordingly, the ALJ did not make an explicit credibility determination since the ALJ found that the statements had little impact on the eventual outcome. Bates v. Chater, 54 F.3d 529, 533 (8th Cir. 1995) ("[I]t is clear that the ALJ could (and possibly did) find Mrs. Bates's testimony quite credible, but not a determining influence on the outcome of the decision.").

As to the second and third criticism, that the ALJ did not consider the medications' side effects and that the ALJ failed to comment on Claimant's work history, the ALJ need not specifically discuss each Polaski factor. Goff v. Barnhart, 421 F.3d 785, 791 (8th Cir. 2005). Instead, in this case, as discussed below, the ALJ specifically noted that there were many inconsistencies in the file and discrepancies in Claimant's testimony. The ALJ's opinion also undermines Claimant's argument that the ALJ did not consider the side effects of her medication. Indeed, the ALJ noted that Claimant complains that her medication causes "weight gain and hair loss."

The ALJ's credibility determination is supported by substantial evidence on the record. The opinion notes the numerous inconsistencies the ALJ considered in determining that

3

Claimant's statements are not entirely credible. Determinations of credibility are generally the provence of the ALJ and should be upheld where the ALJ articulates inconsistencies, that are supported by the record, as support for his or her decision. See Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996).

In the opinion, the ALJ stated that "Ms. Aucoin testified that her seizures are generally well controlled with Zonegran, depending on the situation, for example she may have as many as three seizures per month if she is exposed to stressful situation[s] or changes in lighting...". Claimant argues that this misstates the record. The transcript of the hearing, however, supports the ALJ's interpretation. Claimant testified that:

> Q. Okay. All right, so, at the present time if you take your medication how many seizures and when do you have them?
>
> A. Well it depends.
>
> Q. What's it depend on, ma'am?
>
> A. Well, it depends on the situation. I can go two months without having them at all, which is very good. But, you know, I can also just have one out of nowhere, you know. And the most I've ever had is probably three a month.

Claimant also argues that the ALJ misstated the record in stating that "with treatment compliance and abstinence from illicit and controlled substances the claimant's seizures appear to be well controlled." The ALJ, however, supports this statement with numerous references to the record. The opinion notes treatment notes that state that Claimant was much improved and overall much better with Zonegran. The ALJ also notes the doctor's records that advise Claimant to refrain from using illegal drugs or drugs that have been prescribed to other people.

Accordingly, the ALJ did not misstated the record in making the above statement.

After careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

IT IS SO ORDERED.


Date:   May 29, 2007                                                /s/ DEAN WHIPPLE
                                                                                                                                Dean Whipple
                                                                                                                             United States District Court